IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | |
|---|---|
| ESTATE OF ARTHUR HOLLAND<br>By and through DAVID HOLLAND,<br>For the use and benefit of the Estate of<br>ARTHUR HOLLAND, and for the use<br>And benefit of the wrongful death beneficiaries<br>Of ARTHUR HOLLAND<br><br>    Plaintiffs,<br><br>v.<br><br>RICHARDS, HIGDON & TEAM TITLE, LLC<br>f/k/a RICHARDS & HIGDON, LLC and<br>CHRISTINA H. GAUDIN<br><br>    Defendants. | SOUTHERN DISTRICT OF MISSISSIPPI<br>F I L E D<br>FEB 10 2012<br>J T NOBLIN CLERK<br>BY_____DEPUTY<br><br>No. 4:12cv25 CWR-LRA<br><br>JURY DEMANDED |

## COMPLAINT

COMES NOW the Plaintiff, The Estate of Arthur Holland by and through DAVID HOLLAND, for the use and benefit of the Estate of ARTHUR HOLLAND, and for the use and benefit of the wrongful death beneficiaries of ARTHUR HOLLAND, and by and through the undersigned counsel, WARD LAW FIRM, and for the cause of action against Defendants, states and alleges:

### INTRODUCTION

Plaintiffs bring this action for damages caused by Defendants' Legal Malpractice in relation to the attorney-client relationship between Defendants and Plaintiff David Holland, the legal representative of the Estate of Arthur Holland. Specifically, Plaintiff David Holland sought and received legal advice from Defendants regarding a wrongful death action on behalf of the

Estate of Arthur Holland based in medical malpractice against: South Central Regional Medical Center, a Mississippi community hospital located in Laurel, Mississippi; and Wayne County General Hospital, a Mississippi community hospital located in Waynesboro, Mississippi. The Defendants, a law firm based in Covington, Louisiana, gave Plaintiff David Holland legal advice regarding Mississippi law. Not only was this advice incorrect as to the statute of limitations for an action for Mississippi Medical Malpractice, but the Defendants also allowed the relevant statute of limitations to expire while an attorney-client relationship existed. After the relevant statute of limitations for a Mississippi action in medical malpractice expired, Defendants terminated their representation and advised Plaintiff David Holland to seek Mississippi counsel.

### THE PARTIES

1. DAVID HOLLAND the Administrator for the Estate of ARTHUR HOLLAND, and brings this action in his capacity as the Administrator for the use and benefit of the Estate of ARTHUR HOLLAND, and for the use and benefit of the wrongful death beneficiaries of ARTHUR HOLLAND, and pursuant to Mississippi law. Plaintiffs DAVID HOLLAND, and the Estate of ARTHUR HOLLAND, are sometimes collectively referred to as the "Holland Plaintiffs."

2. ARTHUR HOLLAND was a resident of WAYNE COUNTY, MISSISSIPPI maintaining a residence at 1589 Clara Strengthford Road, Waynesboro, Mississippi, where he remained until his death on September 14, 2008. The Estate of ARTHUR HOLLAND is a resident of Mississippi.

3. Defendant RICHARDS, HIGDON & TEAM TITLE, LLC f/k/a RICHARDS & HIGDON, LLC, is a Louisiana company and has its principle place of business at 69090 Highway 190 East Service Road, Suite 200 in Covington, Louisiana 70433

4. Defendant CHRISTINA GAUDIN is an individual who practices law and represented the Holland Plaintiffs in the State of Mississippi. CHRISTINA GAUDIN is an attorney at RICHARDS & HIGDON, LLC. Defendants RICHARDS & HIGDON, LLC, and CHRISTINA GAUDIN, are sometimes collectively referred to as the "Richards Defendants."

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. This Court has personal jurisdiction over the Richards Defendants pursuant to the Mississippi long-arm statute, Miss. Code Ann. § 13-3-57, because the Richards Defendants committed a tort against a resident of Mississippi.

7. The cause of action that the Holland Plaintiffs bring against the Richards Defendants substantially arise from Defendants' acts of knowingly giving legal advice to Plaintiffs regarding Mississippi laws, and said advice was wrong as to the applicable Mississippi Statute of Limitations for a wrongful death claim arising from medical malpractice. This error led to Plaintiffs missing the opportunity to seek relief against the medical facilities herein mentioned for the untimely death of Arthur Holland.

8. The wrongful actions taken by the Richards Defendants that are detailed in this Complaint have a substantial connection to Mississippi, and the exercise of jurisdiction by a federal court in Mississippi over the Richards Defendants is reasonable and proper.

9. Pursuant to 28 U.S.C. § 1391, venue is proper in the United States District Court for the Southern District of Mississippi because a substantial part of the events or omissions giving rise to the Holland Plaintiffs' claims for relief occurred in this judicial district and because the Richards Defendants are subject to personal jurisdiction in this judicial district.

## FACTUAL BACKGROUND

10. On or about August 30, 2008, Arthur Holland was admitted to South Central Regional Medical Center in Laurel, Mississippi, for treatment of symptoms related to malnourishment, infection, and altered mental state.

11. On September 12, 2008, Arthur Holland was discharged from South Central Regional Medical Center. Later that day, Arthur Holland was admitted to Wayne General Hospital Intensive Care Unit. Arthur Holland's health continued to deteriorate until his death on September 14, 2008.

12. Sometime before September 14, 2009, David Holland, the legal representative of the Estate of Arthur Holland, contacted the Defendant law firm of Richards & Higdon, LLC, for the purpose of pursuing an action for medical malpractice against the aforementioned health care facilities. David Holland filled out a Richards & Higdon document titled "New Client Interview Form". Attached to the Form are two handwritten pages of notes specifying details of Arthur Holland before his death, including dates, locations and a notation indicating that the medical malpractice statute of limitations in Mississippi is three (3) years. The note also indicates an action item to obtain medical records. Also, the notes identify both South Central Regional Medical Center and Wayne General Hospital.

13. Correspondence dated September 14, 2009, from Defendant Christina Gaudin to South Central Regional Medical Center, shows that Defendants did request medical records for

Arthur Holland prior to the lapse of the one (1) year statute of limitations for Mississippi medical malpractice actions for wrongful death. Attached to the correspondence was a HIPAA Authorization signed by Plaintiff David Holland, also dated September 14, 2009. Later correspondence from South Central Regional Medical Center indicates that the request for medical records and billings were received and paid for by Defendants on October 6, 2009.

14. Plaintiff David Holland visited the offices of the Richards Defendants on two occasions; the first visit taking place in January of 2009. David Holland continued to have contact with the Richards Defendants, including telephone calls on:

    i. January 13, 2010;

    ii. January 23, 2010;

    iii. February 12, 2010;

    iv. February 16, 2010; and

    v. April 20, 2010.

15. Correspondence dated May 13, 2010, from Defendant Christina Gaudin to David Holland indicated that the Richards Defendants had "…decided not to go forward with our representation" regarding Arthur Holland. The letter also indicated that David Holland should seek Mississippi counsel specializing in medical malpractice. Acting on this advice, David Holland learned that the underlying claim for medical malpractice was time barred.

## COUNT I:
### Legal Malpractice

16. The Holland Plaintiffs hereby incorporates by reference the allegations in the above paragraphs as if fully set forth herein.

17. The Richards Defendants had an attorney-client relationship with David Holland, the legal representative of the decedent, the Estate of Arthur Holland.

18. The Plaintiffs manifested to the Richards Defendants their intent that the Richards Defendants provide legal services for them. The Richards Defendants manifested their consent to do so before the statute of limitations for the underlying tort had expired, and then the Richards Defendants manifest their revocation of this representation well after the prescribed statute of limitations had run on the Plaintiffs' claims. The Plaintiffs reasonably relied on the Richards Defendants to provide the services. The Richards Defendants assumed a duty of representation to the Plaintiffs. The Plaintiffs were not separately represented by other counsel. The Plaintiffs relied on the Richards Defendants as their counsel and had the reasonable expectation of representation by the Baker Defendants.

19. An attorney-client relationship existed between the Plaintiffs and the Richards Defendants that created a duty to exercise reasonable care flowing from the Richards Defendants to the clients, which duty was breached, proximately causing damage to the Plaintiffs.

20. The Richards Defendants were legal advisors to the Plaintiffs and owed duties to these Plaintiffs to provide them, as clients, with informed understandings of the clients' legal rights and obligations and to explain their practical implications. The Richards Defendants were advocates for the Plaintiffs as their clients, and owed duties to zealously assert the clients' position under the rules of professional conduct. Further, the Richards Defendants failed to render competent, prompt and diligent legal services to the Plaintiffs, their clients, proximately causing damages as further set forth herein.

21. The Richards Defendants owed duties and professional responsibilities to reasonably inform the Plaintiffs about the status of matters and promptly comply with the reasonable requests for information and to explain the legal matters entrusted to them by the

Plaintiffs to the extent reasonably necessary to permit the Plaintiffs to make informed decisions regarding their representation.

22. The Richards Defendants breached their duties to Plaintiffs, including, but not limited to, failing to give advice or opinion when legally obligated to do so, delaying or failing to handle matters when entrusted to do so, and/or failing to use ordinary care. These breaches of duty violated the applicable standards of care for attorneys, and the Richards Defendants' acts and omissions violated those standards, proximately causing damages to the Plaintiffs.

23. As a foreseeable and proximate result of the Defendants' actions and inactions, the Plaintiffs have been damaged in an amount that exceeds the jurisdictional limits of this Court, by breaching the duties owed by the Defendants toward the Plaintiffs, for which the Plaintiffs seek judgment.

## COUNT II:
## Underlying Medical Malpractice

24. The underlying cause of action for the wrongful death of Arthur Holland is based in medical malpractice.

25. Expert medical testimony will show that the care for Arthur Holland did not meet the reasonable standard of care expected for a patient at the South Central Regional Medical Center and/or at Wayne General Hospital.

26. Arthur Holland's psychiatric care at South Central Regional Medical Center did not stabilize his condition. South Central Regional Medical Center prematurely discharged Arthur Holland while he was exhibiting signs and symptoms of deterioration in mental capability as well as his ability to perform activities of daily living including oral intake. Furthermore, Arthur Holland was discharged from South Central Regional Medical Center with an

unaddressed systemic infection which contributed to his decompensation several hours following his discharge and subsequent admission to the Wayne General Hospital on the same day.

27. Arthur Holland's admission to Wayne General Hospital was also below the standard of care. Wayne General Hospital's failure to obtain a current medical history resulted in an admission to a facility which did not have the psychiatric, pulmonary or infectious disease specialists to care for Arthur Holland. The patient's condition warranted transfer to a facility providing a higher level of care than available at Wayne General Hospital.

## RESERVATION OF RIGHTS

28. Plaintiffs reserve the right to amend or supplement this Complaint as provided for by the Federal Rules of Civil Procedure and the orders of this Court.

## DEMAND FOR JURY TRIAL

29. The Plaintiffs demand a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully prays that the Court grant the following relief:

A. That process be issued and that the Richards Defendants be made to appear and answer this Complaint and the allegations against it;

B. A judgment that the Richards Defendants have committed Legal Malpractice;

C. That Plaintiffs be awarded actual damages incurred by the Plaintiffs as a result of the Defendants' wrongful acts set out in the Complaint and as developed at trial;

D. That the Plaintiffs be awarded attorneys' fees, court costs, and all other reasonable costs incurred;

E. That judgment be entered for Plaintiffs in an amount not less than $1,000,000.00 for actual damages; and

F.  For such other further relief as the Court may deem just, fit, and proper.

This the 9th day of February 2012.

                                        Respectfully submitted,

                                        **WARD LAW FIRM**

                                        */s/ Charles R. Ward*
                                        **CHARLES R. WARD, JR. (#6937)**
                                        71234 Hendry Avenue
                                        Covington, Louisiana 70433
                                        Telephone: (985) 892-1367
                                        Facsimile: (985) 892-5085
                                        *Attorney for the Estate of Arthur Holland by and Through David Holland*